# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANCHEZ INCORPORATED,<br><br>　　　　　　　　　Plaintiff,<br><br>　v.<br><br>CITY OF CLAIREMONT,<br><br>　　　　　　　　　Defendant. | Case No. 21-cv-0045-BAS-BGS<br><br>**ORDER DISMISSING ACTION WITHOUT PREJUDICE** |

　　　　On January 11, 2021, Plaintiff Sanchez Incorporated filed the present action without appointing counsel and moved for a leave to proceed in forma pauperis. (ECF No. 1.) The Court ordered Plaintiff to obtain counsel on or before February 5, 2021, and warned that if Plaintiff does not obtain counsel by that date, the Court will dismiss this action. (Order, ECF No. 3.) Close to a month has passed after the deadline, and Plaintiff has not obtained counsel.

　　　　Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action for want of prosecution upon a party's motion. Independent of Rule 41(b), the district courts hold an inherent power to dismiss an action *sua sponte* for lack of prosecution. *Link v. Wabash R.R.*, 370 U.S. 626, 630–32 (1962) (holding that the district courts' inherent power "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases" exists independent of Rule 41(b)); *see Ferdik v. Bonzelet*, 963 F.2d 1258, 1260

(9th Cir. 1992). "Despite this authority, dismissal is a harsh penalty and, therefore, it should only be imposed in extreme circumstances." *Ferdik*, 963 F.2d at 1260.

The circumstances in which a court may exercise its inherent power to dismiss an action include where, as here, a plaintiff has failed to prosecute the case or failed to comply with a court order. *Link*, 370 U.S. at 630 (failure to prosecute); *Yourish v. Cal. Amplifier*, 191 F.3d 983, 989–90 (9th Cir. 1999) (failure to comply with a court order). In determining whether to exercise this power, "the district court must weigh five factors including (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." *Ferdik*, 963 F.2d at 1260–61 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986); *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986)) (internal quotation marks omitted). "The first two of these factors favor the imposition of sanctions in most cases, while the fourth factor cuts against a default or dismissal sanction." *Wanderer v. Johnson*, 910 F.2d 652, 656 (9th Cir. 1990). "Thus the key factors are prejudice and availability of lesser sanctions." *Id.* Although it is preferred, the district court is not required to "make explicit findings in order to show that it has considered these factors." *Ferdik*, 963 F.3d at 1261.

Under the circumstances of this case, and as recognized by the Ninth Circuit, the public's interest in expeditious resolution of litigation and the court's need to manage its docket weigh in favor of dismissal while the public policy favoring disposition of cases on their merits weighs against dismissal. *See Wanderer*, 910 F.2d at 656. Risk of prejudice to Defendants also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). Finally, a court's warning to a party that the failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262. Here, the Court warned Plaintiff that its failure to obtain counsel by February 5, 2021, will result in a dismissal of this action

with prejudice. (Order, ECF No. 3.) Consequently, Plaintiff had adequate warning that failure to obtain counsel may result in dismissal of this action, and the factor weighs in favor of dismissal.

In light of the foregoing, the Court exercises its inherent power to dismiss this action for Plaintiffs' failure to prosecute and for failure to follow a court order. Therefore, the Court **DISMISSES WITHOUT PREJUDICE** this action in its entirety.

**IT IS SO ORDERED.**

**DATED: March 2, 2021**

Hon. Cynthia Bashant
United States District Judge